IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| David Roberts, III, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 0:18-cv-02426-JMC |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Auto Pro's Sales of Rock Hill Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court upon Plaintiff David Roberts, III's Motion to Strike. (ECF No. 10.) Plaintiff seeks to strike a number of Defendant Auto Pro's Sales of Rock Hill Inc.'s ("Defendant") affirmative defenses (ECF No. 7), prayer for declaratory judgment (ECF No. 7), and Motion to Dismiss (ECF No. 7). (ECF No. 10 at 1.) For the reasons stated herein, the court **DENIES** Plaintiff's Motion to Strike (ECF No. 10), **DENIES** Defendant's Motion for Judgment on the Pleadings (ECF No. 7), and **GRANTS** Defendant's voluntary withdrawal of its prayer for declaratory judgment (ECF No. 16).

## I. JURISDICTION

The court has original jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331 because the action arises under federal law, specifically 15 U.S.C. § 1643. (ECF No. 1 ¶ 1.) Pursuant to 28 U.S.C. § 1367, the court has supplemental jurisdiction over all state claims because the state and federal claims derive from a common nucleus of operative facts. (ECF No. 1.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff purchased an automobile from Defendant in May 2018. (ECF No. 1 ¶ 5; ECF No. 7 ¶ 4.) The parties agree that on the day of purchase, Plaintiff signed a Retail Installment Contract

1

& Security Agreement (the "Contract") that indicated $150.00 bi-weekly payments and a total price of $3,250.00. (ECF No. 1-1.; ECF No. 1 ¶ 6; ECF No. 12 ¶ 5.) A second, unsigned contract for the automobile indicates a total financed amount of $7,500.00. (ECF No. 1-2.)

Procedurally, Plaintiff filed his Complaint on August 31, 2018, claiming that Defendant committed fraud, was negligent and reckless. (ECF No. 1 ¶ 1.) He also alleged that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1643 *et seq.*; the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* (1985 & Supp. 2017); and the South Carolina Dealer's Act, S.C. Code Ann. § 56-15-10 *et seq.* (2006 & Supp. 2015) (ECF No. 1 ¶ 1.) Plaintiff seeks monetary damages and demands a jury trial. (*Id.* at 9–10.) Defendant answered by specifically denying Plaintiff's allegations and asserting a bona fide clerical error was made. (ECF No. 7 ¶¶ 4–5.) Defendant counterclaimed for damages stemming from Plaintiff's alleged breach of contract and unjust enrichment. (*Id.* ¶¶ 20–21.) Defendant asserted affirmative defenses under the doctrines of breach of contract, unjust enrichment/unclean hands, waiver and estoppel, and wrongdoing and asserted an affirmative defense based on Plaintiff's violation of the covenant of good faith and fair dealing. (*Id.* ¶¶ 21–25.) In his Answer, Defendant included a Motion to Dismiss which the court construes to be under Fed. R. Civ. P. 12(b)(6).[1] (*Id.* ¶¶ 26–27.) Plaintiff filed a Motion to Strike: 1) Defendant's affirmative defenses of waiver and estoppel, wrongdoing, and Plaintiff's violation of the covenant of good faith and fair dealing; 2) Defendant's request for

---

[1] The Answer brings the Motion to Dismiss under S.C. R. Civ. P. 12(b)(6). (ECF No. 7.) The court construes the Motion to Dismiss as being brought under Fed. R. Civ. P. 12(b)(6) as the case is in the United States District Court for the District of South Carolina, and therefore the South Carolina Rules of Civil Procedure are inapplicable. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."). The court assumes that bringing the Motion to Dismiss under S.C. R. Civ. P. 12(b)(6) was a clerical error. Further, in Defendant's Response in Opposition to Plaintiff's Motion to Strike, Defendant refers to the Motion to Dismiss as being brought under Fed. R. Civ. P. 12(b)(6). (ECF No. 16.)

2

declaratory judgment; and 3) Defendant's Motion to Dismiss. (ECF No. 10.) Defendant responded by voluntarily withdrawing its request for declaratory judgment. (ECF No. 16.)

### III. STANDARD OF REVIEW

A. Motion to Strike under Fed. R. Civ. P. 12(f)

A Rule 12(f) motion allows a federal court, acting on its own or upon a party's motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, such motions "are only granted when the challenged allegations 'have no possible relation or logical connection to the subject matter of the controversy' or 'cause some form of significant prejudice to one or more of the parties to the action.'" *Moore v. Novo Nordisk, Inc.*, No. 1:10–2182–MBS–JRM, 2011 WL 1085650, at *8 (D.S.C. Feb. 10, 2011) (citations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993*). See also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990))).

A Rule 12(f) motion falls within the discretion of a district court. *See Palmetto Pharm. LLC v. Astrazeneca Pharm. LP*, No. 2:11–cv–00807–SB–JDA, 2012 WL 6025756, at *4 (D.S.C. Nov. 6, 2012) (citation omitted); *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 241, 243 (D. Md. 2003). "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, No. PJM 10–1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (citation omitted).

3

B. Motion to Dismiss

When a party files a motion to dismiss contemporaneously with its answer, federal courts should treat the motion to dismiss as seeking a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), rather than as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Walter v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). *See also L. Foster Consulting, LLC v. XL Grp., Inc.*, No. 3:11cv800–REP, 2012 WL 2785904, at *1 (E.D. Va. 2012). "A motion for judgment on the pleadings made pursuant to Rule 12(c) is decided under the same standard as a motion to dismiss made pursuant to Rule 12(b)(6) with the sole difference being that the court is to consider the answer in addition to the complaint." *L. Foster Consulting, LLC*, 2012 WL 2785904, at *3 (citing *Walter*, 589 F.3d at 139).

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, a federal court should accept, as true, all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### C. Motion for a Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for a judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Cont'l Cleaning Serv. v. UPS*, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing *Herbert Abstract v. Touchstone Props., Inc.*, 914 F.2d 74, 76 (5th Cir. 1990)). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010) (citing *Indep. News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)). *See also Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

### IV. DISCUSSION

### A. Motion to Dismiss, Construed as a Motion for a Judgment on the Pleadings

Plaintiff asserts that Defendant's Motion to Dismiss should be stricken as improper because it was not filed prior to the Answer but was instead included as part of the Answer. (ECF No. 10 at 5.) Plaintiff asserts Defendant's Motion is improper pursuant to Fed. R. Civ. P. 12(b), which

requires that such a motion be made before the filing of a responsive pleading. (*Id.* (citing Fed. R. Civ. P. 12(b)).) Plaintiff cited no law beyond Fed. R. Civ. P. 12(b) to support his argument that the Motion to Dismiss must be stricken because it was filed contemporaneously with Defendant's Answer. (Id.) The court shall construe the improperly filed Motion to Dismiss as a Motion for Judgment on the Pleadings pursuant to Rule 12(c), and the Motion shall be decided under the same standard as a motion to dismiss made pursuant to Rule 12(b)(6). *See Walter*, 589 F.3d at 139; *Deutsche Bank*, 361 F. App'x at 529.

Plaintiff alleges that the parties agreed to a purchase price of $3,250.00, and, when Plaintiff made the first payment, Defendant provided Plaintiff with a receipt indicating that the purchase price was $7,500.00. (ECF No. 1 ¶¶ 5, 9.) Plaintiff alleges that Defendant then printed out the second contract (ECF No. 1-2) with a total financed amount of $7,500.00. (ECF No. 1 ¶ 10.) Defendant alleges that the parties verbally agreed to a purchase price of $7,500.00, and the purchase price of $3,250.00, as noted in the Contract, is a bona fide clerical error. (ECF No. 10 ¶ 4.) Based upon the pleadings, which show a factual dispute over the verbally agreed upon purchase price, and Defendant's admission that the signed Contract noted a purchase price of $3,250.00, the court cannot grant Defendant's Motion for Judgment on the Pleadings. *Cont'l Cleaning Serv.*, 1999 WL 1939249, at *1.

B. Defendant's Affirmative Defenses

As one basis for his Motion to Strike, Plaintiff asserts that a number of Defendant's affirmative defenses are inappropriate, unsupported, and inadequate. (ECF No. 10.) Such a drastic remedy as granting the Motion to Strike would be inappropriate because, viewing the Answer and the factual content contained therein, in the light most favorable to Defendant, the affirmative defenses could have a possible relation or logical connection to the subject matter of this

6

controversy. Therefore, the court denies Defendant's Motion to Strike as it relates to Defendant's affirmative defenses.

C. Defendant's Prayer for Declaratory Judgment

As Defendant has requested to voluntarily withdraw his prayer for declaratory judgment (ECF No. 16 at 3), the court grants this request. The court observes that Plaintiff did not reply or respond in opposition to Defendant's request.

V. CONCLUSION

After careful consideration of the parties' arguments, and for the reasons stated herein, the court **DENIES** Plaintiff's Motion to Strike (ECF No. 10), **DENIES** Defendant's Motion for Judgment on the Pleadings (ECF No. 7), and **GRANTS** Defendant's voluntary withdrawal of its prayer for declaratory judgment without prejudice (ECF No. 16).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 10, 2018
Columbia, South Carolina